No. 42.—WILLIAM L. MITCHELL, ex'r, &c., plaintiff in error, *vs.* ALBERT G. PITNER and others, defendants in error.

[1.] In Equity, trustees may be appointed, upon *petition*, in cases "where all parties are represented and consenting, and where there is no question of fact in dispute".

In Equity, in Clark Superior Court. Decision on demurrer, by Judge JACKSON, February Term, 1854.

The only question made by the demurrer in this cause, was the legality of appointments of trustees, by the Court of Chancery, upon petition of the *cestui que trust*, and the trustees, appointed by the will, creating the trust fund, refusing to act. The Court below held the appointments to be valid, and this decision is assigned as error.

W. H. HULL, for plaintiff in error.

T. R. R. COBB, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Is a petition a form of procedure, upon which a Superior Court can appoint a trustee?

The fifty-third section of the Judiciary Act of 1799, among other things, declares, "that the Superior Courts, in the several counties, shall exercise the powers of a Court of Equity, in all cases where a Common Law remedy is not adequate; and the proceedings in all such cases, shall be by *bill, and such other proceedings as are* usual in such cases, **until the setting down of the cause for trial**".

The meaning of what is thus declared, may be either, that in *all* cases in Equity, the form of procedure shall be a bill, or the meaning may be, that in all of those cases, in which the usual form of procedure was a bill, the form shall still be a bill; and in all of those cases in which the usual form was not

a bill, but was some other, as a petition or information, the form shall still be such other.

The, former of these two supposed meanings, seems to me to be the more obvious and the more natural one—but the latter which has most prevailed, and the one which has been most acted on.

The twelfth Equity rule of the Superior Courts says: "bills may be received by *petition* to the Judge at Chambers, or at a term time". This rule may be, for aught I know, as old as the Judiciary Act. The fact that it exists, is evidence that the successive Judges of the Superior Courts, since the existence of the rule, have considered the Act as not intending to confine procedure in Equity, in all cases, to the form of a bill. For if these Judges had not so considered the Act, they would, it is to be presumed, under their authority to make rules, have changed the rule so as to make it conform to what they did consider the Act as requiring.

So, as long ago as 1821, we find the form of a petition resorted to in Equity, apparently, as a matter of course, for the purpose of getting trustees appointed. This was done in the case of the petition of *Gale et ux.* before Judge CHARLTON, the elder. (*R. M. Charlton's R.* 109.) Judge CHARLTON was contemporary with the Act of 1799.

This practice, in relation to trustees, has, within the personal knowledge of each member of this Court, prevailed very generally and for a long time, in parts, if not in the whole of Georgia. They are aware that a contrary practice has been in vogue, in some circuits, under some Judges.

And, finally, this practice has received a Legislative recognition. This it has received by the Act of the 20th February,. 1854, entitled "an Act to authorize the Judges of the Superior Courts, as Chancellors, to make certain orders and decrees", which declares "that the Judges of the Superior Courts of the several Judicial districts of this State shall be, and they are hereby respectively authorized, at Chambers, upon *petition* or bill and answer, where all parties in interest are represented and consenting, and where there is no question of fact in dis-

pute, to make and pass all orders and decrees, in relation to the appointment or removal of trustees, and the sale or division of trust and other funds; and such orders and decrees shall be as valid *as if passed and made during the regular session of the Superior Court* of the county, on the verdict of a Jury".

These things considered, this Court cannot, at this late day, say that the provision aforesaid, of the Judiciary Act, is no longer to receive the construction which authorizes the appointment of trustees, upon petition.

[1.] On the contrary, this Court says that the provision may be so construed as to permit trustees to be appointed, upon petition, in cases "where all parties in interest are represented and consenting, and where there is no question of fact in dispute".

It does not appear but that the case now before this Court, was a case of this sort. The judgment of the Court below cannot, therefore, be said to be erroneous; and so it ought to be affirmed.