PETITION OF DANIEL R. BALLOU and other creditors of GREENE & CRANSTON, for the appointment of a new trustee.

S., being trustee under a voluntary assignment made by G. & C., died. On a petition in equity brought by divers creditors of G. & C. for the appointment of a new trustee: —

*Held,* that the death of S. made a vacancy in the office of trustee under Gen. Stat. R. I. cap. 167.

*Held,* further, that under the same statute a new trustee could be appointed on petition as well as on bill filed.

It appearing that S. before his death conveyed all his property to trustees: —

*Held,* that this conveyance did not cover the assigned property.

PETITION IN EQUITY for the appointment of a trustee. The facts are stated in the opinion of the court.

*June* 10, 1876. POTTER, J. This is a petition for the appointment of a new trustee in place of James Y. Smith, de-

ceased, intestate, who had received from Henry C. Cranston, doing business under the name of Greene & Cranston, a deed of assignment of property for the benefit of creditors.

Notice of the pendency of the petition was given by personal service on the heirs of the deceased trustee (there being then no administrator appointed), and also by advertisement to creditors and all persons interested. Mr. Markland has since appeared for the assignor and a portion of the creditors, and also for the widow and heirs of the deceased, and Mr. Rogers for the administrators, since appointed. It is hardly necessary to say that we should consider the assignor and the administrators necessary parties in the suit as well as the heirs of the deceased.

By cap. 522 of Public Laws of R. I. (Act of March 14, 1864), it was provided that where a trust was created by will or other instrument, " and no provision shall be made for the appointment of such trustees, or for the appointment of new trustees, in case of the removal, death, resignation, declination, or inability to serve ; " . . . . the Supreme Court may, on petition, make all such orders, &c., " in relation to the removal or appointment of trustees or new trustees," as it " could do upon a proper bill in chancery filed for that purpose." This remained in force until repealed by the General Statutes of 1872.

By Gen. Stat. R. I. cap. 167, which went into effect December, 1872, it is provided that whenever the instrument creating the trust shall not provide for the appointment of a trustee therefor, or the reappointment of a trustee, in *case of a vacancy in the office thereof*, the Supreme Court may, on petition, do all things " in relation to such trustee, his appointment and removal, as said court might do upon a bill in equity brought for that purpose."

It is contended by Mr. Markland, in a very able argument, that there is no *vacancy* in the trust, inasmuch as real estate would descend to the heirs and the personal estate to the personal representatives, subject in both cases to the trust ; and that as in the present case the property was ordered to be converted, it would in equity be treated as converted and as personal estate.

In favor of the petitioners, we have been referred to a new work, Perry on Trusts, where, in section 280, it is said that

" Courts of Equity, by virtue of their general chancery powers, have jurisdiction by bill or petition . . . . to remove, &c., and appoint new trustees," and in section 282, " Courts of Equity, having jurisdiction to remove and appoint trustees, may be applied to either by bill or petition." .

If by this it is intended to say that the court may, in such cases, proceed by petition independent of statute provision, the position is without sufficient authority to sustain it. The greater part of the cases cited are either upon the English statutes or from states where the jurisdiction has been given by statute, or where, as in *Miller* v. *Knight*, 1 Keen, 129, the proceeding had been commenced by bill. In *Dawson* v. *Dawson*, Rice Ch. 243, the suit was by bill.

The only case which seems to support it from a state where there is no express statute provision for doing it by petition is *Ex parte Knust*, 1 Bail. Ch. 489, A. D. 1831, and there the court doubts the propriety of it, and decides only on the ground that the objection was not taken in time. In *McNish et al.* v. *Guerard et al.* 4 Strob. Ch. 66, 80, A. D. 1850, it appears that trustees had been appointed on petition, and that a practice had grown up, probably founded on the construction of an old statute passed in 1796. But the only point decided in that case was that no deed was necessary to transfer the estate.

And it seems, from *Mitchell* v. *Pitner*, 15 Ga. 319, that in that state there had been a practical construction of an old statute by which an appointment could be made on petition, and the legislature had impliedly confirmed that construction.

If the position laid down in this text book were correct there would be no need of any statute provision.

By the old English practice, which we must follow unless changed by statute or rule of court, the proceedings in cases of removing or appointing trustees were by bill. It has been changed in England in some respects by the acts of 1850 and 1852. The same or similar changes have been made in many of our states, and were first made in Rhode Island by the act of 1864. Hill on Trustees, *190, *194.

And where there are adverse claims or any controverted matters to be decided, the proceeding by bill and answer brings the questions before the court in a better shape for decision ;

and even where the court might proceed on petition, they will, in their discretion, require the parties to proceed by bill, if they deem it the better course. *Ex parte Rees*, 3 Ves. & Bea. 10.

The advantage of proceeding by petition is, that it is more summary, and the parties may be required to appear and put in their defence, if any, sooner than could be done under our present rules in case of a bill. But a petition should in the body of it state the names and residences of the applicants, and should state all the facts necessary to enable the court to decide who are proper parties to be notified.

In considering American cases upon matters in equity, greater weight is undoubtedly due to the decisions in those states where their separate courts of chancery (as in New Jersey, Maryland, South Carolina, and formerly in New York) have always maintained a high reputation in this respect, than where, as in most of the other states, the jurisdictions have been blended, or where equity jurisdiction is of recent introduction, and is regulated by statute.

But if we cannot proceed by petition, independent of statute, does the present statute apply to such a case as this? The act of 1864 applied to certain specified cases. The act of 1872 provides that it may be done in case of a vacancy in the trust. Is there a vacancy in this case?

Undoubtedly by the old law, on decease of a trustee, the estate would go to his personal or real representatives, subject to the trust. This is the general doctrine of the books in cases of intestacy, although in the case of wills there has been some conflict of decision. Hill on Trustees, *283, *303 ; Lewin on Trusts, 6th ed. 199, 670. And as to personal estate it has been held that the executor cannot refuse the trust, but must perform it until relieved by course at law. *Schenck et al.* v. *Schenck at als.* 16 N. J. Eq. 174. And under the English act of 1 William IV. c. 60, Lord Chancellor Sugden held that he would not appoint a trustee of personalty where there was no executor nor administrator, but that the parties must proceed to have an administrator appointed. *In re Anderson*, Llo. & G. 27 ; Hill on Trustees, *204.

And in New York it has been held that this statute, by which

on death of a trustee the trust shall not descend, but vests in the Court of Chancery, does not apply to personal estate, which now as before the statute goes to the executor or administrator, subject to the trust. *Kane* v. *Gatt*, 24 Wend. 641; *Savage et al.* v. *Burnham et al.* 17 N. Y. 561; *Bunn* v. *Vaughan*, 5 Ab. Pr. N. S. 269.

And although a trust for benefit of creditors seems to bear more resemblance to an office than some other trusts, it is held in *Fulcher* v. *Howell*, 11 Sim. 100, cited by Mr. Markland, that on the death of the assignee the property goes to the executor until a new trustee is appointed.

Our difficulty is to give any adequate meaning to the word "vacancy," unless we construe it to include at least the cases specified in the act of 1864. We can hardly suppose the legislature intended to restrict the power of the court to proceed by petition. It had become common to speak of some trusts as offices, and the legislature seems to have so used the words.

In order, therefore, to give any reasonable construction to the statute, we feel bound to hold that where the trustee has a power, discretion, or control over property, it is to be considered as so far an office as to come within the meaning of the act; and that in case of death the court may (the proper parties being before the court) appoint a successor on petition; the property of course descending to the legal representative of the former trustee, until a new appointment is made, when by force of the statute it vests in the new trustee.

Since the hearing was commenced, the court has been informed that shortly before his decease James Y. Smith conveyed all his real and personal estate to trustees, for the purpose of carrying on his business, he being then in infirm health, and a copy of this deed has been produced. While there is no doubt that a trustee may convey the legal estate subject to the trust, Lewin on Trusts, 6th ed. 198, we think it is evident, from the language used, that he did not intend to include the property he held as trustee. He conveyed his own property to enable his trustees to carry on his own business. To have so conveyed the property he held in trust would have been a breach of trust, and the court will not so construe it. Lewin on Trusts, *in loco citato*.

The compensation of the trustee can be provided for in the decree.

But as it appears that there is a difference of opinion among the creditors as to the person who should be appointed trustee, we shall refer the matter to a master to ascertain the facts as to the person preferred by them, and to report to us the result of his inquiries.

*Decree accordingly.    Case referred to a master.*

*George H. Browne & Daniel R. Ballou*, for petitioners.
*James G. Markland & Horatio Rogers, contra.*

NOTE. — MATTESON, J., did not sit with the court when the above petition was heard.